UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE LAZAE MARTIN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL CASTILLO, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01123-KES-CDB<br><br>ORDER DIRECTING PLAINTIFF HECTOR JOSEPH BORGES TO FILE LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ORDER DIRECTING PLAINTIFF FELICE LAZAE MARTIN TO FILE SUPPLEMENTAL INFORMATION IN SUPPORT OF APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>ORDER DISREGARDING PLAINTIFFS' EMAIL TRANSMITTAL AND DIRECTING PLAINTIFF TO DESIST FROM TRANSMITTAL OF IMPROPER CORRESPONDENCE VIA COURT EMAIL ADDRESSES<br><br>**21-DAY DEADLINE**<br><br>Clerk of the Court to Forward AO 239 Form |

Plaintiffs Felice Lazae Martin and Hector Joseph Borges initiated this action with the filing of a complaint and application for temporary restraining order ("TRO") on September 4, 2025, via the Court's email inbox for afterhours emergency TRO submissions. (Docs. 1, 3). Plaintiffs did not pay the Court's filing fee.

1

Pending before the Court is Plaintiff Martin's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, transmitted to the Court along with Plaintiff's other filings via its email inbox for afterhours emergency TRO submissions. (Doc. 2).

Separately pending before the Court is Plaintiff Martin's transmittal via email to the Court and to chambers of the presiding district judge and the undersigned on September 5, 2025, (1) an *ex parte* communication, and (2) a purported "Emergency Motion for E-Filing Permission and ADA Accommodation" in which Plaintiffs seek authorization to file unidentified documents electronically through the Court's electronic case management/filing system ("CM/ECF").

The Court will address each matter in turn.

**Application to Proceed *In Forma Pauperis***

With the exception of habeas corpus petitions, all parties initiating civil actions in a district court of the United States must pay a filing fee of $350.00 and an additional administrative fee of $55.00 for a total filing fee of $405.00. *See* 28 U.S.C. §§ 1914(a) & (c); E.D. Cal. Local Rule 121(c). "A civil action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)." *Remmert v. Newsome*, No. 1:23-CV-00050-ADA-HBK, 2023 WL 1806277, at *1 (E.D. Cal. Jan. 31, 2023). "In addition, although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status. Thus, each named plaintiff must submit separate applications to proceed as a pauper before a court will grant multiple plaintiffs *in forma pauperis status* in one action." *Id.* (citing *Liang v. Kallis*, No. 2:21-cv-0595-JAM-CKD, 2021 WL 1721668, *1 (E.D. Cal. April 30, 2021)); accord *Chavez v. Loma Linda Med. Ctr.*, No. 5:22-cv-01268-SSS (SHKx), 2022 WL 19827571, at *1-2 (C.D. Cal. Aug. 1, 2022); *Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010).

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A plaintiff is required to assert indigence "with some particularity, definiteness and certainty" before *in forma pauperis* status can be granted by the Court. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff Borges has not filed an application to proceed *in forma pauperis*. In the absence of separate applications from each Plaintiff, the Court cannot determine whether each Plaintiff qualifies for *in forma pauperis* status. *See Whitford v. Lassen Cnty., California*, No. 2:24-CV-01650-TLN-CSK, 2024 WL 5301756, at *1 (E.D. Cal. Dec. 26, 2024) ("For Plaintiffs to collectively proceed IFP in this action, each plaintiff must submit his or her own separate, signed, and complete IFP application.").

Further, in her application, Plaintiff Martin represents an average monthly income amount of $291.00 during the past 12 months and an employment history of "Self-Employed," with no amount provided under "[g]ross monthly pay." (Doc. 2 at 1-2). However, it appears to the Court that this may contradict representations made in the complaint. Namely, Plaintiffs attach a document to the complaint appearing to show four months of rent payments, from July 2024 to October 2024, in the amounts of $2,350.00, $2,350.00, $2350.00, and $2,270.00, respectively, well above the average income represented by Plaintiff Martin. (Doc. 1 at 105).

As such, the application demonstrates that Plaintiff's income and resources could be above the poverty threshold and the information provided is insufficient for the Court to determine whether Plaintiffs are entitled to proceed without prepayment of fees in this action. Thus, the Court will direct (1) Plaintiff Borges to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239, and (2) Plaintiff Martin to file a supplemental report explaining the discrepancies noted above by the Court.

If Plaintiffs are unwilling to complete, sign, and file said documents, Plaintiffs must pay the filing fee in full.

**Plaintiffs' Email Transmittal**

Turning to Plaintiff Martin's email transmittal with attachments to the Court dated September 5, 2025, first, the Court declines to accept the transmittal. *See* Local Rules 133(b)(2) & 183 (requiring pro se parties to serve and file paper documents in accordance with the Court's Local Rules). Plaintiffs are directed to forbear from transmitting email communications or pleadings to either the undersigned's chambers or the Court's afterhours TRO email inbox.

Second, as to the status of the complaint, Plaintiffs are advised that pursuant to 28 U.S.C.

§ 1915(e)(2), the Court conducts an initial review of all pro se complaints where the plaintiff proceeds in forma pauperis to determine whether the complaint is legally sufficient under the applicable pleading standards. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the [screening] provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners") (per curiam). The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Third, the Court is cognizant that Plaintiffs have moved for a TRO and assert emergency circumstances warrant expedited treatment of their motion. The Court has begun its review of Plaintiffs' pleadings (notwithstanding the unresolved status of Plaintiffs' applications to proceed *in forma pauperis, supra*) and will issue appropriate rulings in due course. As of the date of this Order, the undersigned is referred or presides over more than 460 active civil cases in various states of litigation. The Court regrets the delays in the litigation of this action that are unavoidable given the tremendous judicial resource emergency experienced throughout this District.

Finally, the Court admonishes Plaintiffs that no attorney may participate in this action unless the attorney has appeared as an attorney of record (*see* Local Rule 182) and that an attorney's unauthorized practice in violation of this Court's Local Rules risks the imposition of sanctions (*see* Local Rule 184).

**Conclusion and Order**

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' email transmittal to the Court with attachments, dated September 5, 2025, is DISREGARDED.

2. The Clerk of the Court is DIRECTED to forward to Plaintiff Hector Joseph Borges an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239; and

///

3. **Within 21 days** of service of this order:

   a. Plaintiff Borges SHALL complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)—AO 239; *and*

   b. Plaintiff Martin SHALL file a supplemental report explaining the discrepancies noted above regarding potentially conflicting representations made in the complaint (Doc. 1) and in her *in forma pauperis* application (Doc. 2).

4. Plaintiffs may, in the alternative, pay the $405.00 filing fee by that same deadline.

**Any failure by Plaintiffs to timely comply with this order will result in a recommendation that the action be dismissed for failure to comply with a court order and failure to prosecute the action**.

IT IS SO ORDERED.

Dated:  **September 8, 2025**                            _____
                                                          UNITED STATES MAGISTRATE JUDGE