UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE LAZAE MARTIN, *et al.*, | Case No. 1:25-cv-01123-KES-CDB |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| MICHAEL CASTILLO, *et al.*, | (Docs. 10, 11) |
| Defendants. | |

Plaintiffs Felice Lazae Martin and Hector Joseph Borges initiated this action with the filing of a complaint and application for temporary restraining order ("TRO") on September 4, 2025, via the Court's email inbox for afterhours emergency TRO submissions. (Docs. 1, 3). Plaintiffs did not pay the Court's filing fee and Plaintiff Martin filed an application to proceed *in forma pauperis* ("IFP"). (Doc. 2). On September 8, 2025, the Court directed Plaintiff Borges to file an application to proceed IFP and Plaintiff Martin to supplement her application by addressing certain potentially conflicting representations made in the complaint and her prior IFP application. (Doc. 8).

Pending before the Court is Plaintiff Borges' application to proceed IFP and Plaintiff Martin's renewed application to proceed IFP, pursuant to 28 U.S.C. § 1915. The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person

is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The Court has reviewed the Plaintiffs' applications and attached documents and finds Plaintiffs have made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a).

As to the status of the complaint, Plaintiff is advised that pursuant to 28 U.S.C. § 1915(e)(2), the Court is authorized to conduct an initial review of all pro se complaints where the plaintiff proceeds IFP to determine whether the complaint is legally sufficient under the applicable pleading standards. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment.

As noted in its prior order (Doc. 8), the Court reiterates that it is cognizant that Plaintiffs have moved for a TRO and assert emergency circumstances warrant expedited treatment of their motion. The Court has begun its review of Plaintiffs' pleadings and motions and will issue appropriate rulings in due course. As of the date of this Order, the undersigned is referred or presides over more than 460 active civil cases in various states of litigation. The Court regrets the delays in the litigation of this action that are unavoidable given the tremendous judicial resource emergency experienced throughout this District.

**Conclusion and Order**

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that Plaintiffs' applications to proceed *in forma pauperis* (Docs. 10, 11) are GRANTED.

IT IS SO ORDERED.

Dated:   **September 12, 2025**                                    _____
                                                                                                   UNITED STATES MAGISTRATE JUDGE