1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF CALIFORNIA
8
9    FELICE LAZAE MARTIN, *et al.*,        1:25-cv-01123-KES-CDB
10                   Plaintiffs,           FINDINGS AND RECOMMENDATIONS
                                           TO DENY MOTIONS FOR TEMPORARY
11        v.                               RESTRAINING ORDER, PRELIMINARY
                                           INJUNCTION, AND SUMMARY JUDGMENT
12   MICHAEL CASTILLO, *et al.*,
                                           (Docs. 3, 4, 12, 17)
13                   Defendants.
                                           **14-DAY OBJECTION DEADLINE**
14
15

16        I.    **BACKGROUND**

17        Plaintiffs Felice Lazae Martin and Hector Joseph Borges initiated this action with the filing

18   of a complaint on September 4, 2025, against Defendants Michael Castillo and Cliff Dean

19   Schneider. (Doc. 1). That same day, Plaintiffs filed a motion for temporary restraining order

20   ("TRO"). (Docs. 3, 4). On September 10, 2025, Plaintiffs filed a motion for preliminary injunction.

21   (Doc. 12). On September 11, 2025, Plaintiffs filed a motion for partial summary judgment. (Doc.

22   17). The Court issued its order screening Plaintiffs' complaint on September 22, 2025, finding

23   Plaintiffs failed to plead any cognizable claims and granting leave to amend. (Doc. 22).

24        II.   **DISCUSSION**

25        **A. Plaintiffs' Motions**

26        In their motion for TRO, Plaintiffs assert that, on January 7, 2025, Defendants changed the

27   locks on their residential property in Pine Mountain Club, California. Plaintiffs had resided there

28   but evacuated due to toxic mold. (Doc. 3 at 2). Plaintiffs assert their belongings remain at the

                                           1

1    property.

2          Plaintiffs assert that, on February 6, 2025, "Detective Sanchez recommended arrest [of

3    Defendant Castillo]. On February 10, 2025, at 1835 hours, he went '[off duty]' to warn Defendant

4    instead. This constitutes obstruction of justice under 18 U.S.C. § 1505. The supplemental report

5    added felonies including [California Penal Code] § 518 [], [Penal Code] § 487 [], and [Penal Code]

6    § 418 []. No arrest was made. No property was returned." Plaintiffs assert the Kern County Sheriff's

7    Office, the Department of Justice, and the FBI have pending investigations. *Id.* at 3.

8          Plaintiffs assert that the "Fourth Amendment prohibits property seizure without warrant"

9    and the "Fourteenth Amendment requires due process before 239-day deprivation," as well as the

10    First Amendment prohibiting "coercing claim surrender through extortion." *Id.* at 4. Plaintiffs state

11    that detention of human remains, medical crises, constitutional deprivations, and psychological

12    emergency tips the balance of equities in favor of granting the TRO. *Id.* at 5. Plaintiffs seek the

13    Court to enjoin property disposal or destruction and a freeze of "all property pending retrieval," as

14    well as barring "interference with enforcement." Further, Plaintiffs seek that Defendants be

15    required to "provide complete inventory with photographic documentation, arrange professional

16    movers at Defendants' expense, pay for storage facility for minimum six months, cooperate with

17    U.S. Marshal supervision [], remain absent from premises during retrieval, return all property to

18    Plaintiffs, and provide all insurance information." *Id.* at 6.

19          Plaintiffs request $5,000 in daily fines for non-compliance and contempt proceedings for

20    violations, with referral of criminal conduct to the United States Attorney's Office, and

21    appointment of a special master if delays occur. Plaintiffs further request $47,000.00 in damages

22    within 48 hours, with requirement of escrow for daily accruals, and a freeze of assets to ensure

23    compliance. Plaintiffs ask the Court to waive any bonds due to their indigency. *Id.* at 7. Plaintiffs

24    attach their declarations to the motion. *Id.* at 8-10.

25          In their motion for preliminary injunction, Plaintiffs offer scant additional facts. (Doc. 12).

26    Plaintiffs state that on January 16, 2025, "Deputy calls obvious crimes 'civil matter'"; January 31,

27    2025, "Sergeant requires 7 requests to open report"; February 5, 2025, "Detective finds probable

28    cause for arrest"; February 10, 2025, "Same detective goes '[off duty]' to protect landlord";

February 2025, "DA rejects case [with] arrest affidavit while simultaneously saying 'under review,'" and "Detective withholds report violating Marsy's Law, punishes victim for asserting rights"; March 25, 2025, "Internal Affairs confirms violations in 2.5-hour call"; and May 2025, "Supplemental report [contradicts] original detective's findings." Plaintiffs assert that "AG Bonta aware but won't enforce own Bulletin 2022-DLE-05" and the California Victim Compensation Board "[f]alsely claims 'no funding for nonviolent crimes' (not in statutes)." *Id.* at 6-7.

Plaintiffs seek monetary relief, return of property, and injunctive relief requiring Defendants to refrain from transferring property, closing accounts, moving funds, disposing of Plaintiffs' property, or contacting Plaintiffs except through counsel, as well as disclosure of all Defendants' bank accounts, property holdings, insurance policies, and transfers. *Id.* at 4-5.

## B. Applicable Legal Standards

"A preliminary injunction [or TRO] is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The purpose of a TRO is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65.

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See*, *e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

---

[1] "The legal standards applicable to TROs and preliminary injunctions are substantially identical." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (quotations and citations omitted).

3

1    2015).

2         "A plaintiff seeking a preliminary injunction [or TRO] must establish that he is likely to

3    succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

4    relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

5    *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). "Under *Winter*,

6    plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a

7    preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.

8    2011). Because the first factor "is a threshold inquiry and is the most important factor," a "court

9    need not consider the other factors" if a movant fails to show a likelihood of success on the merits.

10   *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations

11   omitted); *see*, *e.g.*, *Babaria*, 87 F.4th at 980 ("We need not consider the remaining *Winter* factors

12   because plaintiffs fail to show a likelihood of success on the merits.").

13              **C. Analysis**

14        Here, the undersigned finds Plaintiffs fail to establish the requisite factors to succeed on

15   their request for a TRO or preliminary injunction.

16        First, Plaintiffs have failed to satisfy the requirements of this Court's Local Rules governing

17   applications for TROs and preliminary injunctions, particularly as to notice requirements. Actual

18   notice to the affected parties is required, "[e]xcept in the most extraordinary of circumstances."

19   Local Rule 231(a), (d). A "court may issue a temporary restraining order without written or oral

20   notice to the adverse party" only if "(A) specific facts in an affidavit or a verified complaint clearly

21   show that immediate and irreparable injury, loss, or damage will result to the movant before the

22   adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any

23   efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

24        In connection with their attempts to notify Defendants, Plaintiffs refer to communications

25   from December 28-31, 2024, and January 11-17 and 22, 2025. (Doc. 4 at 1-2). These

26   communications pre-date the motion by over seven months. Additionally, Plaintiffs do not assert

27   that any such communications included information regarding the pending motions for TRO and

28   preliminary injunction. Nor do Plaintiffs set forth "extraordinary circumstances" that would excuse

1  notice, providing vague reasons for the futility of notice, *e.g.*, "[d]efendants refused certified mail,

2  demonstrating deliberate avoidance." (Doc. 4 at 2). Yet, in a separate filing as discussed *infra* in

3  subpart (ii), Plaintiffs assert Defendant Castillo communicated with them via email on September

4  9, 2025. (Doc. 16 at 2). Other reasons provided by Plaintiffs are entirely irrelevant, *e.g.*, "[w]e have

5  attempted resolution through [ten] agencies, all failing to provide relief." (Doc. 4 at 3). As to

6  Plaintiffs' motion for preliminary injunction, Plaintiffs fail to provide any details concerning notice

7  or attempts to notify Defendants.

8      Plaintiffs' failure to notify Defendants is, by itself, sufficient to deny the requested TRO

9  and preliminary injunction. *See Douglas v. Ezralow Co. LLC*, No. 2:24-CV-0331-KJM-CKD (PS),

10  2025 WL 2078740, at *2 (E.D. Cal. July 24, 2025) ("Plaintiff's failure to comply with the

11  requirements of Local Rule 231 is sufficient justification to deny the requested temporary

12  restraining order."), *report and recommendation adopted*, 2025 WL 2420398 (Aug. 21, 2025).

13  Nonetheless, the Court considers two of the *Winter* factors and finds the weigh in favor of denying

14  Plaintiffs' motions.

### *i.  Likelihood of Success on the Merits*

16      Plaintiffs have not established they are likely to succeed on the merits of their claims.

17  *Glossip*, 576 U.S. at 876. To the contrary, after screening Plaintiffs' complaint, the Court

18  determined that the Court lacks subject matter jurisdiction of their claims and that Plaintiffs failed

19  to state a claim upon which relief can be granted. *See* (Doc. 22). As concerns their section 1983

20  causes of action, the Court found that Plaintiffs fail to name any individuals as defendants who

21  acted under color of state law. Defendant Castillo is a private individual who rented a private

22  property to Plaintiffs and Defendant Schneider is an attorney licensed to practice law in California

23  who was retained by Defendant Castillo and communicated with Plaintiffs concerning the property.

24  Neither individual is an appropriate defendant for a section 1983 claim and Plaintiffs fail to assert

25  any facts satisfying either the "public function test" or "joint action test." *Id*. at 11-12. Because

26  Plaintiffs fail to adequately plead an essential element of a section 1983 cause of action (*i.e.*, action

27  under color of state law), the Court does not have federal question jurisdiction over the claim. *See*

28  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Furthermore, in both their complaint and motions for TRO and preliminary injunction, Plaintiffs make only vague and cursory assertions relating to possible violations of constitutional rights. For example, Plaintiffs assert in their motion that the "Fourth Amendment prohibits property seizure without warrant" and the "Fourteenth Amendment requires due process before 239-day deprivation," as well as the First Amendment prohibiting "coercing claim surrender through extortion." (Doc. 3 at 4). Plaintiffs fail to assert facts sufficient to bring any cognizable claims under the First, Fourth, or Fourteenth Amendments.

Plaintiffs assert that Defendant Castillo used "legal process threats to maintain illegal detention of property without due process, violating the Fourteenth Amendment[.]" (Doc. 1 ¶ 151). Plaintiffs provide only bare allegations, *e.g.*, "[c]oercion to forfeit legal claims through property hostage-taking," "[c]ontinued detention of all worldly possessions without warrant or court order," "[p]roperty detention without legal process or hearing," and "[d]iscrimination based on disability status and pro se representation." *Id.* ¶ 152. As the Court set forth in its order screening Plaintiffs' complaint, Plaintiffs assert vague and sweeping claims with insufficient factual support. (Doc. 22 at 12). Thus, Plaintiffs do not demonstrate a likelihood of success on the merits.

Notwithstanding that Plaintiffs' allegations fall short of pleading cognizable constitutional violations, Plaintiffs' exhibits as attached to the complaint appear to contradict some of the assertions within the body of the complaint and within Plaintiffs' motions. For example, a police report completed by Officer Spurling states that Defendant Schneider "gave [Martin] the option to come and get all of her property due to her abandoning it. [Martin] did not want to go and pick up the property without compensation because she did not want to give up her tenant rights." Defendant Schneider "has told [Martin] he could move her property to a different location for storage, and then she can pick it up from there." (Doc. 1 at 119). These representations appear to undermine Plaintiffs claims of a "239-day deprivation." (Doc. 3 at 4).

Plaintiffs request sweeping relief, asking the Court to enjoin property disposal or destruction and a freeze of "all property pending retrieval," as well as barring "interference with enforcement," that Defendants be required to "provide complete inventory with photographic documentation, arrange professional movers at Defendants' expense, pay for storage facility for minimum six

months, cooperate with U.S. Marshal supervision [], remain absent from premises during retrieval, return all property to Plaintiffs, provide all insurance information," and pay $47,000.0 in damages, with an escrow requirement instituted for daily accruals, and a freeze of assets to ensure compliance. (Doc. 3 at 6-7). Plaintiffs' assertions, in support of such an expansive request, are substantially deficient as to the likelihood of success on the merits.

### ii. Irreparable Harm

Next, Plaintiffs have not established they are likely to suffer irreparable harm in the absence of preliminary relief. *Glossip*, 576 U.S. at 876. As best the Court can determine, the harm Plaintiffs assert concerns Plaintiffs' vague and conclusory allegations of inability to access their property. However, as noted above, exhibits to Plaintiffs' complaint undermine Plaintiffs' claims. And furthermore, in Plaintiffs' motion for sanctions and protective order, Plaintiffs represent that Defendant Castillo contacted Plaintiffs via email, stating that "[we] would like to resolve the matter of collecting your belongings. We have not received any correspondence since January of 2025 when we tried to arrange a time for you to gather your belongings." (Doc. 16 at 2). This communication, as provided by Plaintiffs, appears to evidence Defendant Castillo attempting to engage with Plaintiffs regarding return of or access to their property.

As to the property itself, though the Court is sympathetic to the personal significance of the property Plaintiffs assert is detained, the Court cannot determine that inability to access said property would result in irreparable harm. Plaintiffs attach no evidence to their motions and the evidence attached to the complaint does not establish that Plaintiffs are likely to suffer irreparable harm. The Court notes that Plaintiffs have asserted detention of medical equipment and medication. (Doc. 1 ¶ 288). Plaintiffs attach medical documentation to their complaint. *Id.* at 146-152. However, Plaintiffs do not set forth in their motion any particulars regarding what medication is detained and its significance.

Additionally, the delay in filing this motion undercuts a likelihood of irreparable harm therefrom. Plaintiffs assert that they evacuated the property on January 3, 2025, and removed "essential items." (Doc. 1 ¶ 68). On January 16, 2025, they attempted to return and retrieve their property but found themselves locked out. *Id.* ¶ 74. Plaintiffs assert they reported the lockout that

day to the Kern County Sheriff's Office. *Id.* ¶ 79. The Court has conducted a search of state court filings and notes that Plaintiff Martin filed an action in the Superior Court of California, County of Kern, on January 23, 2025, against Defendant Michael D. Castillo, titled *Martin v. Castillo*, Case No. BCV-25-100267.[2] Though the Court is uncertain of the precise nature of the claims raised in the action, it appears that Plaintiff Martin filed therein a request for a temporary restraining order, which was denied on January 28, 2025. Plaintiffs provide no explanation as to why they delayed in bringing their action in this Court for over seven months following the events at issue and their state court action.

Thus, the Court finds Plaintiffs fail to demonstrate a risk of immediate irreparable harm. *See Douglas*, 2025 WL 2078740, at *2 (finding that, in action involving housing discrimination and challenge to state unlawful detainer action, "[a]llegations that plaintiff's service-connected PTSD and heart condition will be exacerbated by the landlord's actions are too speculative and conclusory to support issuance of a temporary restraining order") (citation omitted). At most, Plaintiffs have shown irreparable harm is possible, rather than likely. *Alliance for the Wild Rockies*, 632 F.3d at 1131.

                              *       *       *       *       *

In sum, as Plaintiffs are unlikely to succeed on the merits of their presently-noncognizable claims, and separately, fail to persuasively show a likelihood of irreparable harm in the absence of relief, the undersigned finds no basis to recommend issuance of the extraordinary remedy of a temporary restraining order or preliminary injunction. *Winter*, 555 U.S. at 20, 24; *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion'").

### III.    MOTION FOR PARTIAL SUMMARY JUDGMENT

On September 11, 2025, Plaintiffs filed a motion for partial summary judgment. (Doc. 17). Plaintiffs state their motion is brought pursuant to California Civil Code § 789.3. In support, they

---

[2] The Court takes judicial notice of "documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

1    assert that "[n]o material facts are disputed. Defendants' violation is admitted, documented, and

2    continuing." They provide that "Defendants changed locks without court order. Period. These

3    undisputed facts establish liability as matter of law." *Id.* at 2. Plaintiffs attach the declaration of

4    Plaintiff Martin. *Id.* at 8-9.

5         As set forth in the Court's order screening Plaintiffs' complaint (Doc. 22), Plaintiffs fail to

6    assert any cognizable claims and the Court lacks subject matter jurisdiction over the action.

7    Additionally, even in the event Plaintiffs had pled cognizable claims, service has not been ordered

8    on any Defendant and discovery has not commenced. Thus, Plaintiffs' motion for summary

9    judgment is premature. *See Smith v. Sec'y*, No. 1:23-cv-00526-KES-SAB (PC), 2025 WL 1116976,

10   at *1 (E.D. Cal. Apr. 15, 2025) (collecting cases and recommending denial of plaintiff's motion for

11   summary judgment as premature where court had not yet found a cognizable claim for relief, no

12   defendant had been served, and discovery had not commenced), *report and recommendation*

13   *adopted*, 2025 WL 2021360 (July 18, 2025); *DePonte v. Stohl*, No. 1:24-CV-00695-KES-HBK,

14   2025 WL 565833, at *1 (E.D. Cal. Feb. 20, 2025) (collecting cases, disregarding motion for

15   summary judgment, and noting "[c]ourts routinely deny motions for summary judgment as

16   premature when the opposing party has not been served").

17        **IV.    CONCLUSION AND RECOMMENDATION**

18        For the foregoing reasons, the undersigned RECOMMENDS that Plaintiffs' motions for

19   temporary restraining order, preliminary injunction, and summary judgment (Docs. 3, 4, 12, 17) be

20   DENIED.

21        These Findings and Recommendations will be submitted to the United States District Judge

22   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after

23   being served with a copy of these Findings and Recommendations, a party may file written

24   objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to

25   Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave

26   of Court and good cause shown. The Court will not consider exhibits attached to the Objections.

27   To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the

28   record by its CM/ECF document and page number, when possible, or otherwise reference the

exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 22, 2025**

UNITED STATES MAGISTRATE JUDGE