**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELICE LAZAE MARTIN and HECTOR JOSEPH BORGES, | Case No. 1:25-cv-1123 KES CDB |
| Plaintiffs, | ORDER DENYING CONSTRUED MOTIONS FOR RECONSIDERATION |
| | Docs. 24, 26 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFFS' MOTIONS FOR INJUNCTIVE RELIEF, DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| MICHAEL CASTILLO and CLIFF DEAN SCHNEIDER, | |
| Defendants. | |
| | Docs. 3, 12, 17, 23, 25 |
| | ORDER DENYING PLAINTIFFS' EMERGENCY MOTION |
| | Doc. 31 |
| | ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT WITHIN 60 DAYS |

Felice Lazae Martin and Hector Joseph Borges allege Michael Castillo and Cliff Dean Schenieder violated federal and state laws related to a rented residential property located in Pine Mountain Club. *See generally* Doc. 1. For the reasons set forth below, the findings and recommendations of the magistrate judge are adopted, and the complaint is dismissed with leave to amend.

1

## I.    PROCEDURAL BACKGROUND

On September 24, 2025, Plaintiffs initiated this action by filing a complaint and motion for temporary restraining order.  Docs. 1, 3.  On September 10, 2025, Plaintiffs filed motions to electronically file documents, for expedited rulings, for emergency monetary relief, and seeking a preliminary injunction.  Docs. 9, 12-14.  The following day, Plaintiffs also moved for summary judgment.  Doc. 17.

### A.    Screening Order

On September 22, 2025, the magistrate judge issued an order denying the request for electronic filing and screening the complaint.  Doc. 22.  The magistrate judge observed that Plaintiffs asserted claims for "violations of their rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, violations of several criminal statutes, and violations of state law."  *Id.* at 9 (citing Doc. 1 at 38-66, 70).  The magistrate judge observed that Plaintiffs also asserted "Kern County Superior Court shut down its electronic filing service from August 25, 2025, to October 6, 2025, resulting in Plaintiffs inability to file a complaint for emergency relief and violating 28 C.F.R. § 35.160, 42 U.S.C. § 1983, and the Americans with Disabilities Act ('ADA')."  *Id.* (citing Doc. 1 at 79-82).

The magistrate judge noted that Plaintiffs alleged "violations of state criminal law, namely California Penal Code §§ 418, 487(a), 518, and 523, as well as false imprisonment."  Doc 22 at 11.  The magistrate judge observed that "references to criminal statutes do not state a claim for relief in a section 1983 proceeding," and Plaintiffs were "not entitled to any relief pursuant to these criminal statutes."  *Id.* (citations omitted).  The magistrate judge determined the claims under section 1983 also failed because "Plaintiffs fail to name any individuals as defendants who acted under color of state law."  *Id.* at 12.  The magistrate judge observed, "According to Plaintiffs' allegations, Defendant Castillo is a private individual who rented a private property to Plaintiffs and Defendant Schneider is an attorney licensed to practice law in California who was retained by Defendant Castillo and communicated with Plaintiffs in regards to the property."  *Id.* (citing Doc. 1 at 10, 24).  Based upon the information alleged, the magistrate judge determined

2

that "[n]either individual is an appropriate defendant for a section 1983 claim." *Id.* (citing *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020); *Acord v. Champions Recovery Alternatives*, 2018 WL 2117383, at *2 (E.D. Cal. May 8, 2018)); *see also id.* at 12-14. As Plaintiffs failed to allege a defendant acted under color of state law, the magistrate judge concluded that "the Court does not have federal question jurisdiction" over the claims under section 1983. *Id.* at 14-15.

The magistrate judge also found Plaintiffs failed to state a cognizable claim for a violation of the ADA against the named defendants. Doc. 22 at 19-21. Although "Plaintiffs sufficiently allege that they are individuals with disabilities," the magistrate judge found that "Plaintiffs fail to cognizably allege exclusion or denial of services, programs, or activities, or other discrimination resulting from their disabilities." *Id.* at 20. The magistrate judge also found the allegations failed to include information regarding whether Plaintiffs "requested any accommodations from Kern County Superior Court for this period, when and how such accommodations were requested, and whether they were denied." *Id.*

Plaintiffs also invoked the Fair Housing Act in their complaint. Doc. 1 at 1. The magistrate judge observed: "Plaintiffs make only two cursory references to the Fair Housing Act and assert no specific facts to establish a claim thereunder." Doc. 22 at 22. The magistrate judge concluded that "Plaintiffs fail to plead any cognizable claims under the FHA." *Id.*

Finally, the magistrate judge noted the complaint included claims arising under state law. Doc. 22 at 22-23. The magistrate judge observed that "[t]hough the Court may exercise supplemental jurisdiction over state law claims, Plaintiffs must first have a cognizable claim for relief under federal law." *Id.* at 22. Given the finding that Plaintiffs failed to allege a cognizable claim to invoke this Court's jurisdiction, the magistrate judge declined to screen the claims raised under state law. *Id.* at 23. The magistrate judge granted leave to amend the complaint and directed Plaintiffs to file any amended complaint within 21 days. *Id.* at 24.

**B.      Findings and Recommendations re: Injunctive Relief and Summary Judgment**

On September 22, 2025, the magistrate judge issued findings and recommendations regarding Plaintiff's motions for a temporary restraining order, preliminary injunction, and

summary judgment.  Doc 23; *see also* Docs. 3, 4, 12, 17, 23.

Considering the requests for injunctive relief, the magistrate judge observed that a moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Doc. 23 at 4 (citing *Glossip v. Gross*, 576 U.S. 863, 876 (2015); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  The magistrate judge found Plaintiffs failed to satisfy the *Winter* factors because they "have not established they are likely to succeed on the merits of their claims."  *Id.* at 5.  The magistrate judge observed that "the Court lacks subject matter jurisdiction" and that "Plaintiffs failed to state a claim upon which relief can be granted" under federal law.  *Id.*  The magistrate judge also found Plaintiffs failed to show "they are likely to suffer irreparable harm in the absence of preliminary relief."  *Id.* at 7.

The magistrate judge also found the request for summary judgment was premature, noting that "even in the event Plaintiffs had pled cognizable claims, service has not been ordered on any Defendant and discovery has not commenced."  Doc. 23 at 9 (citing *Smith v. Sec'y of CDCR*, 2025 WL 1116976, at *1 (E.D. Cal. Apr. 15, 2025), *adopted*, 2025 WL 2021360 (July 18, 2025); adopted, 2025 WL 2021360 (July 18, 2025); *DePonte v. Stohl*, 2025 WL 565833, at *1 (E.D. Cal. Feb. 20, 2025).

The magistrate judge recommended the Court deny Plaintiffs' motions for a temporary restraining order, preliminary injunction, and summary judgment.  Doc. 23 at 9.  The Court granted 14 days for Plaintiffs to submit written objections to the findings and recommendations.  *Id.*  On October 14, 2025, Plaintiffs filed a "request for de novo review of … [the] findings and recommendations and recognition of Rule 65 emergency."  Doc. 24.

**C.        Findings and Recommendations re: Dismissal with Leave to Amend**

On November 18, 2025, the magistrate judge observed that Plaintiffs did not file an amended complaint.  Doc. 25 at 1.  The magistrate judge issued findings and recommendations that incorporated the findings of the Screening Order.  *Id.* at 2-18.  The magistrate judge recommended that the "complaint be dismissed without prejudice and that Plaintiffs be granted leave to amend."  *Id.* at 19 (emphasis omitted).  *Id.*

On December 2, 2026, Plaintiffs filed objections to the findings and recommendations, which also include objections "to the Court's September 22, 2025 order (Doc. 22) denying electronic filing privileges and monetary relief." Doc. 26 at 2.

## II.     RECONSIDERATION BY THE DISTRICT JUDGE

Requests for reconsideration by the district judge may be brought pursuant to Rule 72 of the Federal Rules of Civil Procedure. Rule 72(a) governs reconsideration of nondispositive matters, while Rule 72(b) concerns findings and recommendations of the magistrate judge on dispositive matters. *See* Fed. R. Civ. P. 72(a)-(b); *see also United States v. Abonce–Barrera*, 257 F.3d 959, 968 (9th Cir.2001).

When a party seeks reconsideration of the magistrate judge's order under Rule 72, the district judge "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019). The "clearly erroneous" standard applies to factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be "left with the definite and firm conviction" that the magistrate judge erred. *Avalos*, 798 F.Supp.2d at 1160. When a challenged order "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72[] standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). Consequently, challenged factual conclusions are reviewed for clear errors, while challenged legal conclusions are reviewed to determine whether they are contrary to law.

## III.    DISCUSSION AND ANALYSIS

Plaintiffs seek "request for de novo review of … [the] findings and recommendations and recognition of Rule 65 emergency." Doc. 24. Plaintiffs also "object to: (1) denial of emergency monetary relief when Plaintiffs have an undisputed § 789.3 claim; (2) dismissal recommendation

5

when critical evidence of Penal Code § 518 violations and systemic institutional bias was available to the Court; and (3) inadequate time to amend ….” Doc. 26 at 2; *see also id.* at 2-12. Plaintiffs also renew their request for electronic filing privileges. *Id.* at 12.

### A.    Denial of Injunctive Relief

Plaintiffs requested review of the findings and recommendations denying their motions for injunctive relief, including a temporary restraining order, preliminary injunction, and monetary relief. Doc. 24 at 1; Doc. 26 at 2-7. In doing so, Plaintiffs challenge the findings of the magistrate judge related to the sufficiency of the pleadings to state a cognizable claim to invoke this Court’s subject matter jurisdiction. *See, e.g.,* Doc. 24 at 15, 26, 35; Doc. 26 at 8, 10-11, 13.

Plaintiffs do not address the initial findings of the magistrate judge related to the defendants’ lack of notice of the requested relief and litigation. *See* Doc. 23 at 4-5. As the magistrate judge found, “Plaintiffs’ failure to notify Defendants is, by itself, sufficient to deny the requested TRO and preliminary injunction.” Doc. 23 at 5 (citing *Douglas v. Ezralow Co. LLC*, 2025 WL 2078740, at \*2 (E.D. Cal. July 24, 2025), *adopted* 2025 WL 2420398 (E.D. Cal. Aug. 21, 2025)).

Moreover, because the action is still in the preliminary screening stage and the defendants have not received notice of the litigation, the Court lacks personal jurisdiction over the defendants. Personal jurisdiction is required before the Court may grant any injunctive relief. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also DePonte v. Stohl*, 2026 WL 1179905, at \*1 (E.D. Cal. Apr. 30, 2026) (“A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.”). As this Court lacks personal jurisdiction—which Plaintiffs do not dispute—they fail to show the magistrate judge erred by recommending the motions for injunctive relief be denied.[1]

///

///

_____

[1] On January 20, 2026, Plaintiffs filed another motion for emergency injunctive relief. Doc. 31. For the reasons set forth herein, the Court also denies this motion.

6

**B.    Dismissal of Section 1983 Claims**

Plaintiffs contend the magistrate judge erred by recommending dismissal of their section 1983 claims.  Doc. 26 at 8.  According to Plaintiffs, the magistrate judge "overlooks critical evidence" that demonstrates:

> (1) Defendant Schneider acted 'under color of right' as defined by California Penal Code § 518, the California equivalent of federal 'under color of law'; (2) systemic institutional bias so ingrained that multiple agencies independently refused to help Plaintiffs; and (3) Plaintiffs adequately pleaded *Monroe v. Pape* federal jurisdiction when state actors refuse to enforce state law.

*Id.* at 2.

Plaintiffs do not identify any legal authority that supports their assertion that actions "under color of right" under the California law are the equivalent of actions "under color of state law" for purposes of section 1983.  The Court notes the identified Penal Code section provides the definition for the crime of extortion, which includes "the obtaining of property … from another, with his or her consent, … induced by a wrongful use of force or fear, or under color of official right."  Cal. Penal Code § 518.  Importantly, the phrase "color of *official* right" also implicates public officials, and not private parties.  *See Ocasio v. United States*, 578 U.S. 282 (2016) (the crime of extortion involves a "public official [as] the sole wrongdoer").

Section 1983 liability may be attached "only to individuals who carry a badge of authority of a State and represent it in some capacity" and, as a result, the Court must examine whether Plaintiff has sufficiently plead facts to support the allegation that Defendants were state actors.  *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citations omitted).  The Supreme Court has identified four tests to determine whether a private individual's actions implicate state action: (1) the public function test, (2) the joint action test, (3) the state compulsion test, and (4) the governmental nexus test.  *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997).  Plaintiffs do not address these tests in their objections or request for reconsideration.

In the complaint, Plaintiffs allege that Castillo is a private individual who rented the residential property to Plaintiffs, and that Schneider is an attorney who was retained by Castillo and communicated with Plaintiffs regarding the rented property.  *See* Doc. 1 at 10, ¶¶ 25-27; *id.* at

7

24, ¶ 78.  As the magistrate judge determined, these allegations in the complaint are insufficient to establish that Castillo and Schneider were state actors.  Plaintiffs' objection that Schneider acted under "color of right" is likewise insufficient to support the legal conclusion that the defendants are public officials, or that they otherwise qualify as state actors within the meaning of Section 1983.  To the extent Plaintiffs suggest "multiple agencies" failed to assist them, the unspecified agencies are not defendants in the action.  *See generally* Doc. 1.

Plaintiffs do not show the analysis related to the named defendants' status as private parties rather than state actors was "clearly erroneous or contrary to law."

### C.    Dismissal of Remaining Federal Claims

In the complaint, Plaintiffs also seek to hold the defendants liable for violations of the ADA and the Fair Housing Act.  Doc. 1 at 1.  Plaintiffs do not dispute the findings of the magistrate judge as to these claims.  *See generally* Doc. 24; Doc. 26 at 2. The Court has performed a de novo review of the findings of the magistrate judge related to the ADA and Fair Housing Act claims and concludes they are supported by proper analysis.  The allegations in the complaint are insufficient to state a cognizable claim under either the ADA or Fair Housing Act.

### D.    Declining Supplemental Jurisdiction

Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  A district court "may decline to exercise supplemental jurisdiction... [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (explaining a district court may decide sua sponte to decline to exercise supplemental jurisdiction).  As there is not a cognizable federal claim to establish original jurisdiction, Plaintiffs fail to show the recommendation of the magistrate judge to decline supplemental jurisdiction was contrary to law.

### E.    Denial of Summary Judgment

Plaintiffs object to the recommendation that summary judgment be denied, asserting they are entitled to "summary judgment on California Civil Code § 789.3 per se illegal lockout."  Doc.

8

24 at 3.  As discussed above, the Court declines supplemental jurisdiction over any claims arising under state law.  In addition, Plaintiffs do not show the magistrate judge erred in finding summary judgment is premature at this stage of the litigation, where the defendants have not been served or had an opportunity to engage in discovery.  *See, e.g., Williams v. Yuan Chen*, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (denying a summary judgment motion as premature where defendant had not yet filed an answer and the court had not issued a discovery order*); see also Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion").  The recommendation to deny summary judgment was not contrary to law.

### F.      Leave to Amend

The magistrate judge recommended Plaintiffs be granted leave to amend.  Doc. 25 at 19.  Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011).  Plaintiffs indicate their intent to amend, and request 60 days to do so.  Doc. 26 at 11.  The Court finds the request reasonable and grants the request.

### G.      Electronic Filing

Plaintiffs moved for permission to electronically file documents rather than submit documents in paper.  Doc. 19.  The magistrate judge denied this request in the Screening Order dated September 22, 2025.  Doc. 22 at 2-3.  In denying the request, the magistrate judge found Plaintiffs failed to demonstrate circumstances that warrant an exception to this Court's Local Rules requirement that *pro se* litigants "file and serve paper documents." *Id.*

Plaintiffs did not timely object to this order, as Rule 72(a) mandates any request for reconsideration be brought within fourteen days. *See Kamali v. Stevens*, 2026 WL 50055, at *1 (E.D. Cal. Jan. 7, 2026) (a party waives the right to appeal an order of the magistrate judge when

the objection is not filed within the 14-day deadline imposed by Rule 72(a)).  As Plaintiffs failed to comply with the deadline imposed by Rule 72(a), the Court declines to consider their objection to this order or to consider the matter anew.

**IV.    CONCLUSION AND ORDER**

        For the reasons set forth above, the Court ORDERS:

1.    Plaintiffs' request for de novo review, construed as a motion for reconsideration (Doc. 24), is DENIED.

2.    The findings and recommendations dated September 22, 2025 (Doc. 23) are ADOPTED in full.

3.    Plaintiffs' motion for temporary restraining order (Doc. 3) is DENIED.

4.    Plaintiffs' motion for preliminary injunction (Doc. 12) is DENIED.

5.    Plaintiffs' motion for summary judgment (Doc. 17) is DENIED.

6.    The findings and recommendations dated November 18, 2025 (Doc. 25) are ADOPTED in full.

7.    Plaintiffs' emergency motion dated January 20, 2026 (Doc. 31) is DENIED.

8.    The complaint is DISMISSED with leave to amend.

9.    Plaintiffs SHALL file an amended complaint within sixty (60) days of the date of service of this order.

**Failure to file an amended complaint by the ordered deadline will result in the action being dismissed for failure to prosecute and failure to comply with the Court's order.**

IT IS SO ORDERED.

    Dated:    June 25, 2026

_____
UNITED STATES DISTRICT JUDGE