UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE LAZAE MARTIN, *et al.*,<br>Plaintiffs,<br>v.<br>MICHAEL CASTILLO, *et al.*,<br>Defendants. | Case No.: 1:25-cv-01123-KES-CDB<br>ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br>(Doc. 37) |

**Background**

Plaintiffs Felice Lazae Martin and Hector Joseph Borges (collectively, "Plaintiffs"), proceeding pro se and *in forma pauperis* ("IFP"), initiated this action with the filing of a complaint on September 4, 2025. (Doc. 1). On November 18, 2025, the undersigned issued findings and recommendations to dismiss Plaintiffs' complaint with leave to amend. (Doc. 25). On June 26, 2026, the assigned district judge adopted the findings and recommendations in full, dismissing the complaint with leave to amend. *See id.* Plaintiff was ordered to file an amended complaint within 60 days of the date of service of the Court's order (*e.g.*, by no later than August 25, 2026). *Id.* at 10.

On July 15, 2026, Plaintiffs filed numerous documents consisting of a motion to alter or amend the Court's denial of injunctive relief and for reconsideration of the order adopting the findings and recommendations (Doc. 34), a joint declaration of Plaintiffs in support of the motion

(Doc. 35), five proposed orders (Docs. 36-40), and a notice of appeal (Doc. 41). Though Plaintiff did not file any motion seeking an extension of the August 25 deadline by which to file a first amended complaint, in one of Plaintiffs' proposed orders, they summarily request and seek an order granting an extension of the time to file an amended complaint. (Doc. 37). Therein, Plaintiffs state an extension of the filing deadline is warranted because they are "displaced from their residence" and would bear the "burden of amendment" while the "parties responsible for the deprivation bear none." Plaintiffs request an extension to no earlier than 60 days after the Court has ruled on Plaintiffs' "pending motion for injunctive relief" (*id.*), which the Court construes as a reference to the recently filed motion to amend the denial of injunctive relief and for reconsideration.

**Discussion**

Plaintiffs filed eight documents approximately 19 days after the presiding district judge adopted the undersigned's findings and recommendations to dismiss the complaint with leave to amend. Among those filings, Plaintiffs motion to alter or amend the denial of injunctive relief and for reconsideration is approximately 64 pages long. *See* (Doc. 34). Plaintiffs' other filings, consisting of a declaration and five proposed orders, consist of a total of approximately 12 additional pages. *See* (Docs. 35-40). Thus, Plaintiffs demonstrate that they are able to draft and file lengthy documents within the deadlines imposed by the Court. As of the date of this order, Plaintiffs have another 35 calendar days remaining within which to file their amended complaint. In short, Plaintiffs fail to demonstrate good cause warranting an extension of the deadline to file an amended complaint.

Additionally, that the burden of filing an amended complaint falls upon the parties initiating the action is a natural consequence of our system of notice pleading. *See* Fed. R. Civ. P. 8 & 15; *see also Hawkins v. Walmart, Inc.*, 766 F. Supp. 3d 1036, 1041 (E.D. Cal. 2025) ("Under federal notice pleading standards, the complaint must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). The burden placed on the Plaintiffs by directing the filing of an amended complaint is not an unreasonable one.

Thus, Plaintiffs fail to demonstrate good cause for any extension of the deadline by which they must file their first amended complaint.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request for an extension of the time within which to file an amended complaint (Doc. 37) is DENIED.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE