UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICE LAZAE MARTIN and HECTOR JOSEPH BORGES,<br>Plaintiffs,<br>v.<br>MICHAEL CASTILLO, et al.,<br>Defendants. | Case No. 1:25-cv-01123-KES-CDB<br>ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION<br>Docs. 34, 45, 52 |

On July 15, 2026, plaintiffs Felice Lazae Martin and Hector Joseph Borges filed a motion for reconsideration of the court's June 26, 2026, order (Doc. 33). Doc. 34. In support of that motion for reconsideration, plaintiffs filed a joint declaration, Doc. 35, a supplemental declaration of plaintiff Martin regarding alleged irreparable harm, Doc. 46, and a notice of supplemental filing, Doc. 54.

On August 3, 2026, plaintiffs filed objections to the magistrate judge's July 21, 2026 order denying an extension of time to file a first amended complaint (Doc. 44), which the court construes as a motion for reconsideration. Doc. 45. For the reasons set forth below, the motions for reconsideration are denied.

## I. BACKGROUND

On September 4, 2025, plaintiffs initiated this action by filing a complaint and motion for

temporary restraining order. Docs. 1, 3. On September 10, 2025, plaintiffs filed motions to electronically file documents, for expedited rulings, for emergency monetary relief, and seeking a preliminary injunction. Docs. 9, 12–14. The following day, plaintiffs also moved for partial summary judgment. Doc. 17.

On September 22, 2025, the magistrate judge issued findings and recommendations regarding plaintiff's motions for a temporary restraining order, preliminary injunction, and summary judgment. Doc 23. The magistrate judge recommended the court deny plaintiffs' motions for a temporary restraining order, preliminary injunction, and summary judgment. Doc. 23 at 9. The magistrate judge also issued a first screening order on September 22, 2025, finding among other things that the plaintiffs had failed to establish the court's subject matter jurisdiction and that the complaint failed to sufficiently plead any cognizable federal claim, and granting plaintiffs leave to file an amended complaint. Doc. 22. That order also denied plaintiffs' request for electronic filing privileges. *Id.* On October 14, 2025, plaintiffs filed a "request for de novo review of … [the] findings and recommendations and recognition of Rule 65 emergency." Doc. 24. On November 18, 2025, the magistrate judge observed that plaintiffs had not filed an amended complaint. Doc. 25 at 1.

The magistrate judge issued findings and recommendations on November 18, 2025, that recommended that the "complaint be dismissed without prejudice and that Plaintiffs be granted leave to amend." *Id.* at 19 (emphasis omitted). Doc. 25. On December 2, 2025, plaintiffs filed objections to the findings and recommendations, which also include objections to the September 22, 2025 order's "denying electronic filing privileges and monetary relief." Doc. 26 at 2.

On June 26, 2026, the court adopted both of the findings and recommendations, denied plaintiffs' construed motions for reconsideration, denied injunctive relief, and granted plaintiffs leave to amend their complaint. Doc. 33. On July 15, 2026, plaintiffs filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 230(j). Doc. 34.

On July 15, 2026, plaintiffs lodged a proposed order to further extend the time to file their amended complaint. Doc. 37. The magistrate judge construed that filing as a motion for extension of time and denied the motion on July 21, 2026. Doc. 44. On August 3, 2026,

plaintiffs filed objections to the July 21, 2026, order, which the court construes as a motion for reconsideration. Doc. 45.

## II. MOTION FOR RECONSIDERATION OF THE JUNE 26, 2026 ORDER

### a. Legal Standard

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.' " *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Under Local Rule 230, in an application for reconsideration, a party must identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### b. Analysis

"A motion for reconsideration should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Because plaintiff does not present this court with new evidence, does not show this court committed clear error, and does not indicate a change in controlling law, plaintiff has not met any of the grounds for reconsideration.

Plaintiffs argue that it was error for the court to screen this case and to require notice to defendants before ruling on the merits of plaintiffs' motions for emergency relief. Doc. 34 at 8–20. Plaintiffs argue that a court may issue a temporary restraining order (TRO) without notice. But the issuance of a TRO without notice is an extraordinary remedy and plaintiffs failed to meet the strict requirements for such an order. *See* Fed. R. Civ. P. 65(b)(1). Nor did plaintiffs meet the requirements for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction

must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (internal quotation omitted).

And Plaintiffs fail to establish that they are likely to succeed on the merits of their claims. The findings and recommendations found that plaintiffs had failed to establish a likelihood of success on the merits of their claims, and also that plaintiffs had failed to state a cognizable claim for relief. *See* Docs. 23, 25. The court adopted those findings in full, found that plaintiffs' complaint failed to state a cognizable claim for relief, and granted plaintiffs leave to file an amended complaint. Doc. 33. While plaintiffs argue that the court did not liberally construe their complaint, they failed to set forth facts that would establish a cognizable federal cause of action.

Plaintiffs also argue that their California Civil Code § 789.3 claim was not analyzed on the merits and is ripe for adjudication. Doc. 34 at 28. But plaintiffs have not established a basis for reconsideration of the court's order declining to exercise supplemental jurisdiction over their state law claims.

Plaintiffs thus fail to establish any basis for reconsideration of the court's June 26, 2026, order.[1]

## III. MOTION FOR RECONSIDERATION OF THE JULY 21, 2026 ORDER

### a. Legal Standard

Requests for reconsideration by a district judge of a magistrate judge's nondispositive rulings are brought pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(a); *United States v. Abonce–Barrera*, 257 F.3d 959, 968 (9th Cir. 2001). When a party seeks reconsideration of the magistrate judge's order under Rule 72(a), the district judge "may not

[1] To the extent plaintiffs argue that the court applied an incorrect legal standard in reviewing the findings and recommendations, Doc. 34 at 28–34, the court clarifies that it reviewed the findings and recommendations de novo in accordance with 28 U.S.C. § 636(b), and that it reviewed the construed motions for reconsideration under the standard set forth in Federal Rule of Civil Procedure 72(a).

simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019).

Challenged factual conclusions are reviewed for clear error, while challenged legal conclusions are reviewed to determine whether they are contrary to law. The "clearly erroneous" standard applies to factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be "left with the definite and firm conviction" that the magistrate judge erred. *Avalos*, 798 F. Supp. 2d at 1160. When a challenged order "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72[] standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc*., 290 F.R.D. 508, 511 (D. Idaho 2013).

**a. Analysis**

In the July 21, 2026, order, the magistrate judge denied plaintiffs' construed request for an extension of time to file an amended complaint. Doc. 44. The magistrate judge noted that "[a]s of the date of [the June 21, 2026] order, Plaintiffs have another 35 calendar days remaining within which to file their amended complaint," and that "Plaintiffs fail to demonstrate good cause warranting an extension of the deadline to file an amended complaint." Doc. 44 at 2. Although plaintiffs object to the denial of their motion to extend, they do not set for any basis establishing that the order was clearly erroneous or contrary to law. *See* Doc. 45.

///

///

///

///

///

**IV. CONCLUSION AND ORDER**

Accordingly, plaintiffs' motions for reconsideration, Docs. 34 and 45, are denied. Plaintiffs' further motion (Doc. 52) for ruling on their motion for reconsideration is denied as moot. This matter is referred to the assigned magistrate judge for further proceedings consistent with this order.

On August 12, 2026, the Ninth Circuit stayed plaintiffs' appeal from the denial of their motion for injunctive relief, pending this court's ruling on plaintiff's July 15, 2026 motion for reconsideration (Doc. 34). *See* Doc. 49. The clerk of court shall serve a copy of this order on the Clerk of Court for the Ninth Circuit, referencing Ninth Circuit case number 26-4523.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE